ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| EDUARDO ROBLES CARRILLO<br><br>Peticionaria<br><br>v.<br><br><br>ALL PERFORMANCES STRUCTURE, INC.;<br>JOSÉ R. MEDINA NEGRON HERNÁN SANTIAGO ROSADO<br><br>Recurrida | **TA2025CE00818** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Bayamón<br><br>Civil Núm.:<br>BY2019CV00429<br><br>Sobre:<br>Cobro de Dinero |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Bonilla Ortiz, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico a 22 de enero de 2026.

Comparece ante este foro Eduardo Robles Carrillo (señor Robles o parte peticionaria) y nos solicita que revisemos una *Orden* emitida y notificada el 27 de octubre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante el referido dictamen, el foro primario denegó la *Moción en Solicitud de Reconsideración* presentada por la parte peticionaria.

Por los fundamentos que se exponen a continuación, denegamos expedir el auto de *certiorari*.

**I.**

El 30 de enero de 2019, el señor Robles presentó una *Demanda* sobre cobro de dinero contra All Performance Structure (APS), Inc.; José R. Medina Negrón (señor Medina); y Hernán Santiago Rosado (señor Santiago) (en

conjunto, parte recurrida).[1] Alegó que la parte recurrida le adeuda la cantidad de ciento setenta mil dólares ($170,000.00), por concepto de un préstamo privado, cuyos acuerdos se hicieron de manera verbal. Adujo que, según lo acordado por las partes, dicho préstamo era pagadero en el término de un año. Indicó que la parte recurrida se ha negado a pagar la cantidad adeudada. Ante ello, solicitó que se dictara sentencia condenando a la parte recurrida al pago de la cantidad adeudada, así como a una cantidad adicional del treinta y tres por ciento (33%) del total reclamado e intereses legales en concepto de honorarios de abogado.

Posteriormente, el 31 de enero de 2019, la parte peticionaria presentó una *Demanda Enmendada*.[2] Subsiguientemente, ese mismo día, la parte peticionaria presentó una *Moción Solicitando Emplazamiento por Edicto*.[3] Expresó que el señor Medina y el señor Santiago se encuentran residiendo fuera de Puerto Rico, específicamente, en Miami, Florida y la República de Panamá, respectivamente. Asimismo, indicó que APS es una corporación que se encuentra disuelta, según consta del Registro de Corporaciones del Departamento de Estado. En vista de ello, solicitó la autorización del tribunal para diligenciar los emplazamientos correspondientes mediante edicto.

Evaluado el petitorio, el 11 de febrero de 2019, notificada el 20 de marzo de 2019, el Tribunal de Primera Instancia emitió *Orden Disponiendo Emplazamiento Por*

---

[1] *Demanda*, entrada núm. 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] *Demanda Enmendada*, entrada núm. 2 en SUMAC.
[3] *Moción Solicitando Emplazamiento por Edicto,* entrada núm. 3 en SUMAC.

*Edicto*.[4]  Mediante esta, el foro primario autorizó y ordenó los emplazamientos por edicto solicitados por la parte peticionaria. Dispuso, además, para que la parte peticionaria enviara a la parte recurrida, por correo certificado con acuse de recibo, dentro de los diez (10) días siguientes a la publicación del edicto, copia del emplazamiento y de la *Demanda* a la última dirección conocida de la parte recurrida.

A esos efectos, el 10 de abril de 2019, la parte peticionaria radicó *Moción en Cumplimiento de Orden*, acompañado los proyectos de emplazamientos por edicto.[5]

Posteriormente, el 11 de abril de 2019, notificada el 26 de abril de 2019, el foro primario emitió *Orden Disponiendo Emplazamiento por Edicto*.[6]  Mediante esta, expresó que la Secretaría del foro primario expediría el edicto de publicación. Asimismo, indicó que dicha publicación se acreditaría mediante la declaración jurada de publicación. Además, sostuvo que, publicado dicho edicto, la parte peticionaria tendría un término de diez (10) días a partir de la publicación de este para enviar por correo certificado con acuse de recibo, a la última dirección conocida de la parte recurrida, copia de la demanda y del emplazamiento.

En cumplimiento con lo ordenado, el 26 de agosto de 2019, la parte peticionaria presentó *Moción en Cumplimiento de Orden*.[7]  Mediante esta, alegó que se acompañaba la referida moción con evidencia del envío por correo certificado de la *Demanda* y los

---

[4] *Orden Disponiendo Emplazamiento Por Edicto*, entrada núm. 5 en SUMAC.
[5] *Moción en Cumplimiento de Orden,* entrada núm. 6 en SUMAC.
[6] *Orden Disponiendo Emplazamiento por Edicto,* entrada núm. 7 en SUMAC.
[7] *Moción en Cumplimiento de Orden*, entrada núm. 12 en SUMAC.

emplazamientos por edicto a la última dirección conocida de la parte recurrida, el cual le fue devuelto.

El 26 de septiembre de 2019, el señor Robles instó una *Moción Solicitando Anotación de Rebeldía.*[8] En esencia, alegó que la parte recurrida fue debidamente emplazada por edicto, el 10 de julio del 2019, mediante la publicación de los emplazamientos en el periódico The Daily San Juan Star. Acreditó lo anterior mediante una declaración jurada intitulada *Afidávit*, suscrita por el representante del mencionado periódico, Ray Abner Ruiz Berrios, el 19 de septiembre de 2019. A su vez, arguyó que habían trascurrido en exceso los treinta (30) días dispuestos en las Reglas de Procedimiento Civil para que la parte recurrida haga alegación responsiva. En vista de ello, solicitó que se le anotara la rebeldía a la parte recurrida y se dieran por admitidas las alegaciones contenidas en la *Demanda.*

Así las cosas, el 8 de octubre de 2019, el foro primario emitió una *Orden*, mediante la cual anotó la rebeldía de la parte recurrida.[9]

Posteriormente, el 23 de octubre de 2020, el señor Robles presentó una *Moción Solicitando se Dicte Sentencia en Rebeldía.*[10] Mediante esta, alegó que el foro primario le anotó la rebeldía a la parte recurrida. Ante ello, solicitó que se dictara sentencia en rebeldía.

El 25 de octubre de 2020, notificada el 27 del mismo mes y año, el foro primario emitió una *Sentencia* mediante la cual declaró Ha Lugar la acción incoada por el señor

---

[8] *Moción Solicitando Anotación de Rebeldía,* entrada núm. 13 en SUMAC.
[9] *Orden*, entrada núm. 15 en SUMAC.
[10] *Moción Solicitando se Dicte Sentencia en Rebeldía,* entrada núm. 16 en SUMAC.

Robles.[11] Concluyó que la parte recurrida fue debidamente emplazada. Resolvió que la parte recurrida no acreditó su alegación responsiva, por lo que se dio por cierto todo lo alegado en la *Demanda* y la declaró Ha Lugar. De la referida *Sentencia*, surge y citamos:

> A base de las determinaciones de hechos y las conclusiones de derecho que preceden, el Tribunal dicta sentencia declarando CON LUGAR la demanda de epígrafe en su totalidad y, en consecuencia, se ordena los demandantes el pago de lo adeudado, entiéndase, $170,000.00.
>
> Se le[s] impone a los demandados el pago de costas, gastos legales y honorarios de abogado ascendentes a un 33% del total reclamado e intereses legales.

Así las cosas, el 31 de marzo de 2021, la parte peticionaria presentó una *Moción Informativa*.[12] En esta, adujo que la notificación de la *Sentencia* fue emitida por edicto a la parte recurrida, mediante la publicación del edicto y notificación por correo certificado. Dicha moción fue acompañada con evidencia del envío, el cual le fue devuelto. Asimismo, acompañó la moción con copia de la declaración jurada intitulada *Afidávit*, suscrita por la representante del mencionado periódico, Ray Abner Ruiz Berrios, el mismo día de la publicación, el 26 de febrero de 2021, así como copia del edicto publicado.

En respuesta, el 13 de abril de 2021, el foro primario emitió una *Orden* mediante la cual indicó que se tomó conocimiento del edicto y de la declaración jurada.[13] Por otro lado, dispuso que, debido a que la notificación fue devuelta por correo, para solicitar la ejecución de la *Sentencia*, la parte peticionaria debió

---

[11] *Sentencia*, entrada núm. 18 en SUMAC. Véase, además, entrada núm. 19 en SUMAC.
[12] *Moción Informativa*, entrada núm. 20 en SUMAC.
[13] *Orden,* entrada núm. 21 en SUMAC.

acreditar que realizó esfuerzos razonables para notificar el documento en cuestión. Además, determinó que debió acreditar que el documento fue enviado a la dirección correcta.

Subsiguientemente, el 28 de junio de 2021, la parte peticionaria presentó una *Moción al Amparo de la Regla 49.1 Solicitando Sentencia Enmendada Nunc Proc Tunc.*[14] En esencia, adujo que la *Sentencia* no recoge hechos procesales pertinentes y no refleja la totalidad del trámite legal y procesal en el caso. Indicó que la corrección de dicha *Sentencia* es necesaria a los fines de garantizar la ejecución de esta. Ante ello, solicitó que el foro primario aceptara la enmienda *Nunc Proc Tunc* de la mencionada *Sentencia*.

El 30 de junio de 2021, el foro primario emitió una *Orden* mediante la cual declaró No Ha Lugar la *Moción al Amparo de la Regla 49.1 Solicitando Sentencia Enmendada Nunc Proc Tunc.*[15] En esta, el foro primario expresó que obra sin cumplirse la *Orden* emitida el 13 de abril de 2021. Además, concluyó que la parte peticionaria tampoco explicó en qué consistían las enmiendas a la *Sentencia* que se solicitan. Asimismo, indicó que, evaluado el expediente de autos, surgen serios defectos en las notificaciones y cumplimiento con el debido proceso de ley cuando se solicitó emplazamiento por edicto. Expresó que la parte peticionaria alegó que la parte recurrida residía fuera de la jurisdicción y, a la vez, informó una dirección que a todas luces no era una razonablemente calculada, toda vez que se trata de direcciones en Puerto Rico para personas que se alega

---

[14] *Moción al Amparo de la Regla 49.1 Solicitando Sentencia Enmendada Nunc Proc Tunc*, entrada núm. 22 en SUMAC.
[15] *Orden,* entrada núm. 23 en SUMAC.

residen fuera del país. Por otra parte, determinó que no se acreditaron gestiones para conseguir una dirección y se le eximiera del requisito de notificación. Asimismo, señaló que las mismas resultaron devueltas.

Luego de varios trámites procesales innecesarios pormenorizar, el 22 de noviembre de 2024, la parte peticionaria presentó una *Moción Asumiendo Representación Legal y Solicitud de Corrección de Sentencia con Carácter Nunc Pro Tunc*.[16] En esta, alegó que, el 25 de octubre de 2025, el foro primario dictó *Sentencia* y se ordenó su publicación mediante edicto. Por otro lado, indicó que la *Sentencia* presenta un error de forma ya que ocurrió un error en la redacción de esta. Explicó que se hizo constar el pago de lo adeudado a la parte peticionaria cuando dicha orden debió figurar en contra de la parte recurrida. Solicitó que se declarara Ha Lugar dicha moción y se dictara Sentencia *Nunc Pro Tunc* en la cual se corrija el error.

En respuesta, el 27 de noviembre de 2024, el foro primario emitió una *Orden* refiriendo a la parte peticionaria a la *Orden* emitida el 30 de junio de 2021.[17]

Posteriormente, el 10 de octubre de 2025, la parte peticionaria presentó *Moción en Cumplimiento de Orden.*[18] En esencia, alegó que, mediante la *Orden* del 20 de marzo del 2019, el juez de instancia requirió que la parte peticionaria proveyera Proyecto de Emplazamiento por Edicto sin ningún otro requerimiento. Adujo que, en cumplimiento con la *Orden* antes mencionada, se sometieron los proyectos de emplazamiento por edicto.

---

[16] *Moción Asumiendo Representación Legal y Solicitud de Corrección de Sentencia con Carácter Nunc Pro Tunc,* entrada núm. 29 en SUMAC.
[17] *Orden,* entrada núm. 30 en SUMAC.
[18] *Moción en Cumplimiento de Orden,* entrada núm. 33 en SUMAC.

Indicó que el foro primario expidió los correspondientes emplazamientos por edicto y no impuso requisitos adicionales. Asimismo, expresó que la parte recurrida fue debidamente emplazada por edicto, mediante la publicación de estos en el periódico The Daily San Juan Star, y debidamente notificada por correo certificado con copia de la *Demanda*. Alegó que el foro primario en ningún momento ordenó requisito adicional para la expedición de los emplazamientos por edicto ya que, desde el inicio de la presente acción, se informó que estos no residían en la jurisdicción, siendo innecesaria dichas gestiones a juicio del juez de instancia. Por tal razón, la parte peticionaria arguyó que, mediante la *Orden* del 13 de abril de 2021, el foro primario le impuso a la parte peticionaria un requisito que no fue impuesto durante el proceso del caso y sobre asuntos que ya habían sido evaluados por el juez de instancia al momento de dictar *Sentencia*. Por otro lado, y en lo pertinente a la solicitud de *Sentencia Enmendada*, expresó que solicitó que se emitiera nueva sentencia a los fines de que esta reflejara la realidad procesal de los procedimientos. Explicó que se debía resaltar que, desde un inicio, la *Demanda* recogía el hecho de que el señor Medina y el señor Santiago, no residían en la jurisdicción y que los emplazamientos por edicto se expidieron sin ningún otro requisito o requerimiento del foro primario.

Posteriormente, el 14 de octubre de 2025, el foro primario emitió una *Orden* mediante la cual declaró No Ha Lugar la *Moción en Cumplimiento de Orden*.[19]

---

[19] *Orden,* entrada núm. 34 en SUMAC.

Inconforme, el 27 de octubre de 2025, la parte peticionaria presentó una *Moción Solicitando Reconsideración de Sentencia*.[20] Mediante esta, reiteró los mismos argumentos esbozados en su *Moción en Cumplimiento de Orden*. Asimismo, sostuvo que la *Sentencia* fue debidamente emitida, siendo la misma eficaz. Además, puntualizó la validez del diligenciamiento de los emplazamientos, toda vez que el juez de instancia no cuestionó estos al momento de solicitarse la sentencia en rebeldía. Solicitó que se reconsiderara la *Orden* del 14 de octubre de 2025 o, en la alternativa, que se considerara que la notificación de la sentencia no fue efectiva y expida nueva notificación de sentencia.

En respuesta, en esa misma fecha, el foro primario emitió *Orden* mediante la cual declaró No Ha Lugar la *Moción Solicitando Reconsideración de Sentencia* presentada por la parte peticionaria.[21]

En desacuerdo, el 26 de noviembre de 2025, la parte peticionaria acudió ante esta Curia mediante el recurso de epígrafe y señaló los siguientes errores:

> Primer error: Erró la Hon. Liza M. Báez Burgos, Jueza Superior del TPI, al resolver declarar no ha lugar la moción del peticionario-demandante DON EDUARDO ROBLES CARRILLO solicitando se dicte en el caso de epígrafe una sentencia NUNC PRO TUNC, para corregir el error por lo cual se solicitó la enmienda de la sentencia que consistió en que "se hizo constar el pago de lo adeudado al propio demandante cuando debió figurar dicha orden, lo cual es la Sentencia, en contra de los demandados." Que dicho error en esta Sentencia es uno de carácter oficinesco o clerical cuando el Tribunal dicto su sentencia, por lo que, procede que en el caso de autos se emita como remedio una SENTENCIA NUNC PRO TUNC, para

---

[20] *Moción Solicitando Reconsideración de Sentencia*, entrada núm. 35 en SUMAC.
[21] *Orden*, entrada núm. 36 en SUMAC.

fines de poder ejecutar la misma conforme a derecho para evitar que se cometa un grave fracaso de la justicia.

Segundo error: Erró la Hon. Liza M. Báez Burgos, Jueza Superior del TPI, al resolver que la sentencia final y firme dictada por la también Juez Superior del TPI, la Hon. Andino Olguín Arroyo, cuya ejecución se solicitó por el Peticionario-Demandante ROBLES CARRILLO es una contraria a derecho por entender que los criterios aplicados por ella para autorizar los emplazamientos por edicto a los codemandados no residentes no cumple con la Regla 4.6 de las Reglas de Procedimiento Civil que establece que el Tribunal podrá dictar una orden para disponer que el emplazamiento se haga por medio de un edicto si la parte demandada o promovida está fuera de Puerto Rico, se desconoce dónde vive, o estando en Puerto Rico, no pudo ser localizada, o se oculte para no ser emplazada y la jurisprudencia en vigor vinculante.

Tercer error: Erró la Hon. Liza M. Báez Burgos, Jueza Superior del TPI, al resolver que la sentencia en rebeldía dictada contra los demandados en controversia cuya ejecución se solicitó por el Peticionario-Demandante Don Eduardo Robles Carrillo no cumple con los criterios requeridos por ley, para su notificación ya que obrando devuelto por el correo la notificación de la sentencia se requiere que para solicitar la ejecución la parte demandante deberá acreditar que se realizó esfuerzos razonables para notificar el documento en cuestión y, además, que el documento fue enviado a la "dirección correcta".

Por su parte, vencido el término para ello, la parte recurrida no compareció ni presentó escrito en oposición. Estando en posición para resolver, procedemos a así hacerlo.

## II.

### A.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior. *Caribbean Orthopedics v. Medshape et*

*al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).

Ante un recurso de *certiorari*, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.,* 202 DPR 478, 486 (2019). Dispone que, el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

No obstante, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra*, para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados

en la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 40, se justifica nuestra intervención. Estos criterios son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra*, enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no acogerá una petición de *certiorari*, mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones guía la discreción de este foro en aquellos asuntos en los que sí se permite entender, pero en los que los jueces ejercerán su discreción. *Torres González v. Zaragosa Meléndez*, 211 DPR 821, 849 (2023).

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los

casos ante ese foro. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

### III.

En el presente caso, el señor Robles presentó tres (3) señalamientos de error. En esencia, aduce que el foro primario erró al declarar No Ha Lugar la moción en la cual solicita que se dicte sentencia *Nun Pro Tunc*. Además, sostiene que el foro primario incidió al resolver que la sentencia final y firme, dictada por un juez del foro de instancia, es una contraria a derecho por entender que los criterios aplicados para autorizar los emplazamientos por edicto no cumplen con la Regla 4.6 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6. Por último, plantea que erró el foro de instancia al resolver que la sentencia en rebeldía dictada no cumple con los criterios requeridos por ley para su notificación. Lo anterior, debido a que obra devuelta por correo la notificación de la sentencia, por lo que se requiere que la parte peticionaria acredite que se realizaron esfuerzos razonables para notificar el documento en cuestión y, además, que el documento fue enviado a la dirección correcta.

Es preciso comenzar por destacar que la *Orden* recurrida es susceptible de revisión por parte de este foro, en virtud de la Regla 52.1 de Procedimiento Civil, *supra*. Sin embargo, luego de evaluar y revisar los documentos sometidos, así como el expediente ante nuestra consideración, concluimos que en el caso de

autos no se justifica nuestra intervención con el dictamen recurrido. En el recurso, el señor Robles no demostró que el foro primario haya incurrido en abuso de discreción o haya errado.

Recalcamos que, según dicta la norma, los foros revisores reconocemos amplia discreción a los foros de primera instancia para determinar el modo en que manejan los casos ante su consideración. Así las cosas, a base de un análisis cuidadoso de la totalidad del expediente, no estamos en posición de concluir que la actuación recurrida fuese irrazonable, o contraria en derecho. La parte peticionaria tuvo tiempo suficiente y amplias oportunidades para cumplir con las órdenes del foro primario y éstas no fueron cumplidas. Por tanto, no vemos razón alguna para intervenir en esta etapa de los procedimientos, y procederíamos a denegar la expedición del auto discrecional solicitado.

## IV.

Por los fundamentos antes expuestos, se **DENIEGA** el auto discrecional solicitado.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones